UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN L. MARVIN,

       Plaintiff,                          Case No. 1:19-cv-382

v.                                             Hon. Paul L. Maloney

RAY FLUEGEMAN, JANET CABLE,
and LYNN OWENS,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Steven L. Marvin has filed a "Complaint for Declaratory Judgment," seeking a declaratory judgment that defendant Internal Revenue Service (IRS) Agents Ray Fluegeman, Janet Cable, and Lynn Owens engaged in "conspiratorial misconduct" and falsified forms to deny him a residential energy credit for a geothermal heat unit in his home, in 2012 and 2013. Compl. (ECF No. 1, PageID.16-17). If declaratory judgment is granted, plaintiff intends to use the judgment as the basis for a future suit for damages against the three defendants. *Id.* at PageID.2. This matter is now before the Court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6) (ECF No. 11).[1] For the reasons discussed below, this case should be dismissed for lack of subject matter jurisdiction.

---

[1] Although plaintiff filed his response to the motion nearly two months late (ECF No. 14), defendants did not object and filed a reply (ECF No. 15). Plaintiff filed a sur-reply (ECF No. 17) contrary to W.D. Mich. LCivR 7.2(c), which allows further briefing when permitted or required by the Court. Plaintiff did not seek leave to file a sur-reply and the Court did not ask him to provide one. Accordingly, the Court will disregard the sur-reply as improvidently filed.

## I. Plaintiff's complaint

Plaintiff's complaint is a combination of a complaint, brief, exhibit, and manifesto,[2] and includes 27 pages of exhibits. *See* Compl.; Exhibits (ECF Nos. 1-1, 1-2, and 1-3). Defendants have fairly summarized plaintiff's claims as follows:

> The IRS examined the plaintiff's 2012 and 2013 individual income tax returns and disallowed the deduction for the tax credit the plaintiff claimed on those returns for allegedly installing a geothermal heat pump disallowed [sic]. (Complaint, Pg. 3.) The examination was conducted by IRS Agent Janet Cable. (Complaint, Pg. 3.) Lynn Owens was Ms. Cable's manager. (Complaint, Pg. 6.) Janet Cable is retired. (Complaint, Pg. 5, 20.)
>
> The plaintiff provided a declaration and certain evidence to Ms. Cable in an attempt to establish that he actually paid for the geothermal heat pump system and installation for which he claimed a tax credit and that the cost was in excess of $25,000. (Complaint, Pg. 3.) Ms. Cable did not find the plaintiff's evidence credible and determined that the credit should be disallowed. (Complaint, Pg. 8.) Additionally, Ms. Cable corresponded with IRS employee Raymond Fluegeman, a Fraud Technical Advisor (*see* plaintiff's Standard Form 95 attached to complaint as Exhibit 11), to seek his opinion regarding whether he believed the facts of the case warranted imposition of a fraud penalty against the plaintiff. (Complaint, Pg. 8.) Ray Fluegeman is retired.
>
> The plaintiff discovered through a Freedom of Information Act (FOIA) request that the IRS Agents named as defendants had concluded in writing on IRS Form 11661 that there was no heat pump unit installed in the plaintiff's home. (Complaint, Pg. 4.) The plaintiff alleges that he invited the IRS Agents to visit his home to inspect the furnace system at issue, and that it was misconduct on the part of the IRS Agents to disallow the credit without visiting his home. (Complaint, Pg. 9, 15.) The complaint alleges that the named defendants conspired to deny the plaintiff his right to have a "fully estimated tax credit granted to him for the purchase and installation of a full house geothermal heat pump unit." (Complaint, Pg. 3.)
>
> The plaintiff filed a petition in the U.S. Tax Court on April 24, 2015 to contest the disallowance of the residential energy credit. (Complaint, Pg. 7.) The plaintiff alleges that the IRS Form 11661 was "filed" without alleging where it was filed or for what purpose. (Complaint, Pg. 16.) He alleges that the "filing of the Form 11661" caused him "turmoil and grief [ . . . ] that was uncalled for" and that he was prejudiced in the Tax Court case. (Complaint, Pg. 16.) The Tax Court case was resolved by way of a stipulated decision, in which the Court held that the

---

[2] Plaintiff's complaint includes a number of legal citations, quotations from identified authority, quotations with no authority cited, e-mail correspondence, "The Taxpayer Bill of Rights," legal arguments, and a rhetorical question.

>plaintiff owed deficiencies for 2012 and 2013 and that no fraud penalties (pursuant to 26 U.S.C. § 6663(a)) were due from the plaintiff. (Complaint, Pg. 38.)
>
>Although not particularly pled, the plaintiff's claims boil down to the following: (1) the plaintiff seeks a declaratory judgment that the "false and fraudulent filing as submitted by the [Agents] is not permitted within the Halls of the IRS as it affects the Public Trust" (Complaint, Pg. 1), and (2) if the declaratory relief is granted, the plaintiff will file a new suit for damages listed in the Tort Claim he alleges he submitted (Complaint, Pg. 2). The plaintiff alleges that he reported the conduct of the IRS employees on a "Form 95 tort claim." (Complaint, Pg. 16.) The IRS received and denied that claim, stating that the Federal Tort Claims Act ("FTCA") claim was barred under 28 U.S.C. § 2680(c) (barring claims related to the assessment or collection of federal taxes).
>
>The plaintiff pleads that the Court has jurisdiction pursuant to 28 U.S.C. § 2201 because the case involves alleged "false report filing" by IRS employees. (Complaint, Pg. 4.) The plaintiff requests to enforce his "right to be treated fairly and equitably by the IRS at all times." (Complaint, Pg. 4.)

Defendants' Brief (ECF No. 11, PageID.66-68).

## II.     Defendants' motion to dismiss

### A.     Legal Standard

While defendants seek dismissal on a number of grounds, the threshold issue is whether this Court has jurisdiction of plaintiff's lawsuit. Accordingly, the Court will address defendants' motion to dismiss for lack of subject matter jurisdiction brought pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the Court accepts as true "the complaint's well-pleaded factual allegations, excluding, however, bald conclusions, unrelieved rhetoric, and pejorative epithets." *Viqueira v. First Bank*, 140 F.3d 12, 15 (1st Cir. 1998). It is well-established that this Court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972);

3

*Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

### B. Discussion

#### 1. Lack of subject matter jurisdiction

Plaintiff filed this action claiming jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, to contest the "false" report filed by IRS Agents and his "right to be treated fairly." Compl. at PageID.4. Plaintiff's action should be dismissed because the Declaratory Judgment Act does not grant jurisdiction to this Court. As the Sixth Circuit explained in *Toledo v. Jackson*, 485 F.3d 836 (2007):

> Section 2201 is part of the Declaratory Judgment Act. Before "invoking the Act," however, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Put another way, the Act is not "an independent basis for federal subject matter jurisdiction," *id.*; *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), and plaintiffs have not identified any other congressional statute that gives the federal courts jurisdiction over this dispute.

*Toledo*, 485 F.3d at 839. Here, plaintiff relies on the Declaratory Judgment Act as the source of this Court's jurisdiction in his lawsuit against the three IRS Agents. He has not identified any other congressional statute granting this Court jurisdiction. Accordingly, plaintiff's complaint should be dismissed on this ground.

#### 2. Declaratory Judgment Act does not apply to this controversy

Even if plaintiff could establish a basis for jurisdiction in this Court, he cannot obtain a declaratory judgment against defendants. While plaintiff has framed his declaratory action as a personal claim against three IRS Agents who conspired against him and created a false

4

report, his claim involves a tax dispute for the denial of a federal tax credit. The Declaratory Judgment Act is inapplicable in federal tax cases, stating in pertinent part that:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). No matter how plaintiff frames his dispute with defendants Fluegeman, Cable and Owens,[3] he cannot seek relief under the Declaratory Judgment Act because his claim involves a "controversy . . . with respect to Federal taxes" and it was not "brought under section 7428 of the Internal Revenue Code of 1986."[4] *See Singleton v. Mathis*, 284 F.2d 616, 619 (8th Cir. 1960) ("Title 28, U.S.C.A. 2201 (the Declaratory Judgment Act), specifically excepts controversies over federal taxes from the scope of the Act.").

### III. RECOMMENDATION

For these reasons, I respectfully recommend that defendants' motion to dismiss (ECF No. 11) be **GRANTED**, and that plaintiff's complaint be **DISMISSED**.

Date   February 27, 2020              /s/ Ray Kent
                                      Ray Kent
                                      U.S. Magistrate Judge

---

[3] Plaintiff previously sued defendant Janet Cable in this Court over disallowance of the same tax credit. *See Marvin v. Cable*, 1:16-cv-135 (W.D. Mich.). Plaintiff filed that action in state court and the government removed it to federal court. Unlike the present case, the United States was substituted as the defendant. This Court dismissed the action. In affirming the dismissal, the Sixth Circuit rejected plaintiff's claim that defendant Cable was not a federal agent, stating that "Marvin raises only frivolous arguments that his complaint was not properly removed from state court. Among these are his claims that Agent Cable is not a government employee or an ambassador, his home is not in federal territory, the United States is a corporation, and the IRS is not a government agency. Removal was proper because Marvin commenced a civil action in state court against an officer of the United States or a federal agency for an act relating to the collection of revenue. *See* 28 U.S.C. § 1442(a)(1); *Allen v. Comm'r*, 624 F. Supp. 2d 689, 692 (N.D. Ohio 2008)." *Marvin v. Cable*, No. 16-2603 (Order) (6th Cir. Sept. 5, 2017) (filed as ECF No. 42 in case no. 1:16-cv-135).

[4] Section 7428 (26 U.S.C. § 7428) involves "Declaratory judgments relating to status and classification of organizations under section 501(c)(3), etc."

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).